**United States District Court**
For the Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | *E-FILED - 10/12/12* |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.  CR 08-0813-DLJ |
| ) | |
| ) | **ORDER** |
| NARCO LOMACK GALLON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

In November, 2011, Narco Lomack Gallon ("Gallon") filed, in *pro se,* a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  Once the government had responded, a reply on defendant's behalf was filed by counsel for defendant.  The briefing is now completed.  Having considered the papers submitted, and the applicable law, the Court hereby grants the motion.

**I.  Factual Background and Procedural History**

On November 12, 2008, defendant was charged in a one-count Indictment with distribution of approximately 7.21 grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).  On April 3, 2009, defendant entered a plea of guilty to the single count in the Indictment pursuant to a plea agreement under Federal Rules of Criminal Procedure Rule 11(c)(1)(C), (hereinafter "11(c)(1)(C)").

The plea contained language regarding defendant's waiver of rights to file an appeal or a collateral attack on his sentence, including waiver of the right to file a collateral attack on his conviction or sentence, pursuant to 18 U.S.C. § 3582.

United States District Court

For the Northern District of California

     In the plea agreement, the parties offer a calculation of the guidelines applicable to defendant's sentence using the base offense levels (BOL) set out in Sentencing Guidelines Section 4B1.1, the section which covers Career Offenders. Under this calculation, defendant had an adjusted base offense level of 31 with a criminal history category of VI, providing for a sentencing range of 188-235 months. The statute also provides for a mandatory minimum sentence of 5 years. The parties agreed that "a reasonable and appropriate disposition of the case" would be a sentence of "no less than 70 months of imprisonment, but no more than 188 months." Plea Agreement at ¶ 8.

     On July 24, 2009, this Court held a sentencing hearing.  At the hearing the Court found that the proper guideline calculation was as stated in the plea agreement.  The Court noted that the career criminal sentence range was high given the relatively small amount of drugs involved; and that while defendant was technically a Career Criminal, his criminal history was based on convictions which had occurred in 1991 and 1993. Finally, the Court noted that in the plea agreement both the government and the defendant had agreed that the Court could sentence anywhere in a range of 70-188 months, bringing the sentencing range more in line with that determined under USSG section 2D1.1 than that envisioned by a Career Offender calculation.  The Court notified the parties that it intended to impose a sentence within the range authorized by the

2

plea agreement. Based on all of the above factors, the Court sentenced defendant to 78 months imprisonment. Following passage of the Fair Sentencing Act in 2010, which reduced the infamous 100 to 1 sentencing disparity for crack and powder cocaine offenses.  The Sentencing Commission was directed by Congress to amend the corresponding sentencing guidelines and did so.  Thereafter the Sentencing Commission decided that this action should be made retroactive.  These changes became effective on November 1, 2011. Based on this change of law, on November 4, 2011, defendant filed his motion for sentence reduction pursuant to under 18 U.S.C. § 3582(c)(2) ("Motion"). Effective November 1, 2011, the United States Sentencing Commission promulgated Amendment 750 to the Sentencing Guidelines. That amendment reduced the offense levels for "crack" cocaine in Section 2D1.1. Amendment 750 did not, however, have any provisions as to the Career Offender Guidelines in Section 4B1.1. See Amendment 750, United States Sentencing Commission Guidelines Manual, Appendix C.

In response to defendant's Motion, the United States Probation Office ("USPO") prepared a Sentence Reduction Investigation Report to advise the Court. The report from Probation opines that defendant is not eligible for a reduction based on its determination that defendant was a Career Offender.

**II. Legal Standard**

Defendant has filed his motion for sentence reduction

pursuant to 18 U.S.C. § 3582(c)(2), which provides as follows:

> [I]n the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of
> the defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the

term of imprisonment, after considering the factors set forth in
section 3553(a) to the extent that they are applicable, if such a
reduction is consistent with applicable policy statements issued by
the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In Section 1B1.10 of the Sentencing Guidelines, the
Sentencing Commission has identified the amendments that may be
applied retroactively pursuant to this authority, and has
articulated the proper procedure for implementing the amendment in
a concluded case.  The version of Section 1B1.10 applicable
in this case became effective on November 1, 2011, and provides, in
relevant part:

> (1) In General.—In a case in which a defendant is
> serving a term of imprisonment, and the guideline range applicable
> to that defendant has subsequently been lowered as a result of an
> amendment to the Guidelines Manual listed in subsection (c) below,
> the court may reduce the defendant's term of imprisonment as
> provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. §
> 3582(c)(2), any such reduction in the defendant's term of
> imprisonment shall be consistent with this policy statement.

U.S.S.G § 1B1.10.

Whether to grant a sentence reduction is a matter of
discretion for the district court.  See United States v. Lowe, 136
F.3d 1231, 1233 (9th Cir. 1998).

**III. Discussion**

4

United States District Court

For the Northern District of California

The government raises several arguments as to why this Court should not lower defendant's sentence.  The government asserts that defendant, through his plea agreement, waived his right to bring this motion; that the Court may not lower defendant's sentence because he was sentenced as a Career Criminal; and that in any event given defendant's criminal history and the circumstances of the arrest, the Court should not exercise its discretion to reduce the sentence.

A.    <u>Waiver of Collateral Attack</u>

As an initial matter, the government contends that Gallon waived his right to move for a reduced sentence because his plea agreement contains a waiver of any right to collaterally attack his sentence. In general, "[a] knowing and voluntary waiver of a statutory right is enforceable." <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993). However, defendant's waiver could not have been knowing and voluntary in this circumstance as the Sentencing Commission did not enact Amendment 750 until 2011, approximately two years after defendant Gallon entered into the plea agreement. Additionally, even if defendant had waived his right to bring this motion, under Section 3582, the Court may lower defendant's sentence on its own motion.  Therefore the Court will look to the merits of the motion.

B.    Does the Sentence Reduction of Section 3582 apply to
      <u>Defendant?</u>

5

The government contends that defendant was sentenced as a Career Criminal and thus may not avail himself of any relief under Section 3582. Indeed, while part A of Amendment 750 altered the sentence levels in Section 2D1.1 applicable to "crack" cocaine offenses, and those reductions have been added to Section 1B1.10 as a retroactive amendment, the Ninth Circuit has previously held that when a defendant's offense level is determined by the Career Criminal guideline, rather than the 2D1.1 guideline, the defendant may not seek a decrease in his sentence based on the modified "crack" cocaine guidelines. See United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009).

In Wesson, the defendant was convicted of a crack cocaine offense involving 23.8 grams of cocaine. Wesson was also found to be a Career Criminal based on two prior felony convictions for drug offenses. The sentencing court found that Wesson's BOL should be 34 based on the statutory maximum term for his offense of conviction as instructed by 4B1.1. Wesson was sentenced to 168 months imprisonment. Years later, when the Sentencing Commission took a step to address the crack v. powder cocaine sentencing disparity by amending the 2D1.1 guidelines and making them retroactive through Amendment 706, Wesson petitioned the court to reduce his sentence by applying Amendment 706 to his case. The Ninth Circuit held that he was not eligible for such a reduction

6

United States District Court

For the Northern District of California

because he did not meet the first prong of 3582(c)(2) which requires that his original must be "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission. The Ninth Circuit held that Wesson's sentence was based upon the sentencing range set by 4B1.1 (the Career Criminal guidelines) and was not based in the wholly separate sentencing scheme set by 2D1.1 (the Drug Table).

The government argues now that the career criminal limitation applies even when, as here, the actual sentence imposed by the Court is a sentence below the Career Criminal guideline range.  The government notes that under a prior version of Section 1B1.10 appellate courts were divided on the issue of eligibility for a reduction for defendants classified as a Career Criminal but for whom the Court imposed a sentence below the Career Criminal range.

The 2011 amendments to Section 1B1.10, the government alleges, foreclose the possibility of a Court finding a defendant who could be classified as a Career Criminal eligible for a reduction in his sentence, even where his original sentence had not been in accordance with the Career Criminal guidelines.  Currently there is no binding Ninth Circuit precedent on this point, however.

Subsequent to the 2011 guideline amendments at least two courts have held that where a defendant was technically a Career Criminal, but was sentenced below the Career Criminal guidelines, the court must look to the sentencing record to determine whether the sentence was in fact based on Career Offender status on or the

7

"crack" cocaine guidelines.  Where the record supports the interpretation that the original sentence was not based on the Career Criminal guidelines, the defendant may be eligible for sentence reduction.  See U.S. v. Jackson, 678 F.3d 442 (6th Cir. 2012).

In Jackson, the defendant entered a guilty plea to one count of intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  The presentencing report provided a sentencing range of 188-235 months due to Jackson's status as a Career Criminal. The district court agreed to delay Jackson's sentencing in anticipation that Congress would pass legislation reducing the penalties associated with the crack cocaine laws but after a year of waiting proceeded with sentencing before Congress had acted.

The district court did not apply the Career Criminal guideline to the sentence imposed and sentenced Jackson to 150 months. The sentence imposed by the District Court was below the advisory guideline range for a career offender and within the old advisory guideline range for crack cocaine violations that would have otherwise applied to Jackson if he were not a Career Criminal.

Once Congress had enacted the change in the guidelines, defendant appealed.  The government contested the appeal arguing that Jackson had been sentenced as a Career Criminal and thus could not avail himself of the changed guidelines.

The Sixth Circuit disagreed finding that:

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6

We recognize that the defendant's criminal history
required the district court to consider the career
offender guidelines, but in deciding whether the
now-amended and retroactive crack cocaine guidelines
apply to defendant, we focus on the range that was
actually applied to the defendant in this case. To do
otherwise is to impose a harsh sentence on defendant
when the severity of the old guidelines has been
criticized by nearly every stakeholder in the criminal
justice system, as well as by Congress. . . .

7
8
9
10
11
12
13
14

If a sentencing judge, having found a defendant to be a
career offender, then decides to sentence defendant
below the range for career offenders and notes his
policy disagreement with the crack cocaine guidelines,
ordinary review would say that the sentence was as much
"based on" the crack cocaine guidelines as the career
offender guidelines. . . .Accordingly, the crack
cocaine guideline ranges, which were lowered by the
Sentencing Commission and made retroactive during the
pendency of Jackson's direct appeal, make defendant
eligible for resentencing at the district court's
discretion. Any other reading is contrived.

15
16

Id. at 444, 446 (citations omitted).

17
18
19
20
21
22
23
24
25

The Second Circuit came to a similar conclusion in United
States v. Rivera, 662 F.3d 166 (2nd Cir. 2011).  In Rivera, although
Rivera was a Career Criminal, the sentencing judge departed from
the range computed under the Career Criminal guideline. However,
the record was not clear as to whether Rivera was entitled to a
reduction as someone who had been sentenced under the "crack"
guidelines either.[1]  After a thorough analysis the Second Circuit
found defedant eligible for a sentence reduction, holding as

26
27
28

[1] In Rivera, the judge departed three offense levels from the
career criminal range based on U.S.S.G. § 5H1.3 because of Rivera's
mental condition.

9

follows:

> Where the sentencing judge departs from a range computed under the career offender guideline to a lower range, the sentence imposed was "based on" the latter range for purposes of § 3582(c)(2), and for the purposes of § 1B1.10 that range is the "guideline range applicable" to the defendant. . .
>
> Other factors influence our decision as well. One is the context in which we decide this case. Though our task is limited to construing the relevant statutory and Guidelines provisions, we are not required to perform it wearing blinders. Retroactive amendments exist to allow inequalities to be fixed, and the now-infamous 100-to-1 ratio was the source of shameful inequalities.

Id at 176-177.

This case is factually distinct from any of the cited cases, as it is a case sentenced under Rule 11(c)(1)(C).  This Rule permits the parties to proffer a "sentencing range" to the Court which the Court can accept or reject. In this case the Court accepted the plea offered by the parties and sentenced within the sentencing range proffered by the parties.  In this case the sentencing range set by 2D1.1 would have been 70 to 87 months when it was based upon BOL 21 and criminal history category V. The sentencing ranges set by the Career Criminal Guideline of 4B1.1, at BOL 31, criminal history category VI would be 188 to 235 months. The sentencing range actually used by the Court upon its acceptance of the parties' agreement was 70 to 188 months.  As this case illustrates, sentencing ranges for drug offenses can be found not only in the textual provisions of 2D1.1 or 4B1.1, but also in

10

United States District Court

For the Northern District of California

ranges set by 11(c)(1)(C) pleas.  Questions remain, however.  Are such pleas recognized by 3582 and Amendment 750? Was this plea based on either 2D1.1 or 4B1.1?

Section 3582(c)(2) applies to "...a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission..." it seems clear that the terms "sentencing range" in 3582 would apply to a "sentencing range" set by an 11(c)(1)(C) plea and that there was no intention to exclude 11(c)(1)(C) pleas from the benefits of 3582.  But it is equally clear that the Sentencing Commission can not lower "sentencing ranges" set case by case in 11(c)(1) (C) plea agreements.  The only way 3582 can apply to 11(c)(1)(C) cases would be where a specific 11(c)(1)(C) sentencing range is based as a matter of fact on a specific guideline which is subsequently lowered by the Sentencing Commission.  But, if that can be established as a matter of fact, there is no reason why a sentence "based on" such a sentencing range cannot be considered for reduction under 3582.

Amendment 750 relates to cases where there has been a reduction of a 2D1.1 guideline which had been the basis of a previously imposed sentence.  The same reasoning discussed as to 3582 would seem to be applicable here also.  If it can be shown that a sentencing range set by an 11(c)(1)(C) plea can be shown to be based as a  matter of fact on a 2D1.1 guideline that is subsequently lowered, there is no reason that Amendment 750 should

United States District Court

For the Northern District of California

not apply to that sentence.

Was the 11(c)(1)(C) sentencing range in this case based upon 2D1.1?  It seems apparent to the Court that it was.  The low end of the 11(c)(1)(C) range was set at the low end of the 2D1.1 range as well as additional months running up to the low end of the 4B1.1. range. It is obvious that the parties excluded the rest of the 4B1.1 range.  Given the 11(c)(1)(C) status of this plea agreement, that exclusion was even more emphatic than usual as it meant that any sentence above the 11(c)(1)(C) range empowered the defendant to withdraw his original plea.  It is obvious the 4B1.1 guideline was not used as a basis of the 11(c)(1)(C) sentencing range upon a clear agreement by the parties that any sentence in that range would be greater than necessary and would be an inappropriate sentence under the circumstances of this case.  As a result, the Court finds that the 11(c)(1)(C) sentencing range in this case was based on the 2D1.1 sentencing range for the weight of crack cocaine.

The 2D1.1 guideline has now been lowered.  At the present time the amount of 7.21 grams of crack cocaine has a BOL of 20, as opposed to a BOL of 24 which existed at the time of the original sentence. If we otherwise replicate the original sentence, the BOL is increased by 2 for the firearm and reduced by 3 for Acceptance of Responsibility.  The result is a BOL of 19, which produces a sentencing range of 57 to 71 months at Criminal History Category V. That range, however, must be increased to a low end of 60 months as

12

the mandatory minimum sentence embedded in 21 U.S.C. 841(a), although it has been changed and eliminated for future sentences based on the weight of crack cocaine, has not been made retroactive by Congress. The final result is that the original sentence was based on a sentencing range that has now been lowered by the Sentencing Commission and the Court will reduce the term of imprisonment imposed at that time.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court hereby GRANTS defendant's motion for a reduced sentence and reduces defendant Gallon's sentence to 66 months.  The remaining aspects of his sentence shall remain the same.  The clerk will issue an amended judgment consistent with this opinion.


IT IS SO ORDERED


Dated:10/11/12

D. Lowell Jensen
United States District Judge

1

2    Copy of Order Mailed on 10/12/12 to:

3    **Narco Lomack Gallon**

4    12351-011
     USP - Lompoc

5    3901 Klein Blvd.
     Lompoc, CA 93436-2706

6    PRO SE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California